to 25-2043CV, Peleus Insurance Company et al. versus American European Insurance Company. Thank you. Good morning, Your Honors. My name is Lester Channon from Farber, Brock, and Zane. On behalf of Peleus Insurance Company, in this declaratory judgment, state law action. And you would like to reserve three minutes for rebuttal. Is that right? Yes. Very good. This is a pretty simple Scrivener's Error situation. This case arises out of a trip and fall on a sidewalk at 9605 57th Avenue, Corona. And the woman who fell sued the tenant in the store by the sidewalk as well as the owner of the building. So one of the things that I have just been puzzling over is I feel like in the course of my professional career, I'm familiar with Scrivener's Errors, but usually Scrivener's Errors are errors where it's obvious that everybody agrees that this was a mistake. And in this case, you have a party to us telling us no. We had reason to believe that there was just an individual listed as an additional interest and that we would have done things very, very differently if we thought we were taking on an entire entity. So Scrivener's Error or not, I'm wondering if what you instead want to show to us why we must read the insurance contract to assume your friend on the other side. I'm not sure if I can put my finger on the case, but I know there's a couple of cases right in our brief or briefs that say that in a situation like this where there's a mistake in the name or something simple where the agent gets named as in this case rather than the owner, that a unilateral mistake, the court treats a unilateral mistake as satisfying the mutual mistake. But the problem is that there are three people involved in your triangle. Right. Like, yes, a unilateral mistake when you're vis-a-vis two people makes sense. But now we have more than two parties here. And your colleague on the other side will say we weren't involved in the obligation that you had to the other party not present with us. Well, why the insurance? First of all, there is sort of two grounds on which we're requesting relief. One is the court can simply read into the policy if they find that it was a simple and innocent mistake like naming the agent rather than the owner, which that. I have two questions. One is just a factual one. There's some parts of the record where Mr. Ingber is referred to as the principal of whatever it is, street, the corporate building. The 57th Avenue. 57th Avenue. Right. Does that make any difference? I mean, he's not just some flunky who's signing this. He's the guy who is behind the corporate veil. There's no information in the record to reflect and no argument whatsoever by the other side to say that, oh, we intended to cover Ingber as Ingber. He was the agent. He signed the lease. OK. And the legal question is puzzled. Is a scrivener's error distinct from a ground for reformation? In other words, when you say there was a scrivener's error, is the remedy reformation of the contractor? Is it something different? Well, I mean, in my review of the case law, I mean, the Wesco case was a reformation case. Travelers v. Norgaard was I think that was the court read the policy as he thought it should be. Right. Reformation under New York law needs to be pleaded. Right. It wasn't here. Well, it wasn't, although there was a letter submitted to the court in advance of the summary judgment motion. Which also doesn't speak in terms of reformation. To my understanding, it did allude to reformation, but I don't have the text of it in front of me. But in any case, there are a number of cases that found that simply, you know, where it was an obvious innocent mistake. The court simply read the policy as it should have been, as all the intent. My adversary in their appellee's brief doesn't mention one word about risk. That's what the court says. The name is not dispositive. What's dispositive is what risk were you trying to ensure? Well, I have two questions related to that. So I completely understand, or I think there's enough evidence, as to what 57th Avenue's intentions was with 21st century intention. But, like, we're talking about an understanding of a contract the 21st century had with an entirely different agency or entirely different entity. So why is the intention between 57th and 21st material here? Well, we do cite two cases, the name of which I can't remember. I don't have it at my fingertip. But in any case, where the courts do look to the underlying contract as being relevant and significant evidence in terms of intent, there's no plausible reason why they would cover an agent under the New York. Do they know, do they have to know if he's an agent? What if he's a lesser or manager of the preferences and he's seeking assurance on his own behalf, the way that, like, a director or an officer might have D&O insurance that the board, that they're provided as a member of the board, but they want an additional one just on their own? I mean, the record reflects that Ingmar signed the lease as agent for 57th Avenue. I mean, it's just, it's quite obvious, at least to me, that that error was picked up when they did the, you know, the simple, when they prepared the application for the policy and threw in the name Ingmar when, you know, that was just shorthand for the owner. That was the way the lease was signed. But my understanding is that you're basically asking us to follow three different chains. The first is that the difference between additional interest and additional insured is the same thing. The second is that the relationship that 21st Century had with 57th must be imputed to the relationship or the intent that 21st Century had with AEIC. And then the third is that there is no plausible reason why an individual might be listed as an interest that has nothing to do with their connection to AEIC. Well, the additional insured, additional interest issue in the application, I point the Court to a provision that explains under additional interest, they have one box checked off, and that's for additional insured. And that is clearly what the intent was, and Apelli concedes that. You say that, but why would I? How would I know that that's true, that additional insured means additional interest? Because in the provision on A234. Is it because additional insured is one of the, whatever, 10 or, I guess, 12 possible categories of interest? Because the heading is interest? Yeah. The cross-reference from additional interest is to the heading interest, and under interest it says additional insured. Yeah, I'm sorry. I'm not sure if I get your point. But the, yeah, I mean, it's additional, I mean, lessors are the owners of property are routinely. No, no, no, no, no. I'm sorry. I'm just asking how to read the documents, not how things ought to be in a perfect world. Well, okay. I'm asking just how to read the cross-reference. So it says additional. This is owner's declaration. Right. And then you have that thing on page 234. Right. With the checkbox additional insured. Yes. And I'm asking you, does one transpose into the other because the heading above additional insured of all these things, co-owner, lease back owner, lien holder, whatever, the heading above that is the word interest. And therefore, you're sort of plugging that into Charles Engenberg. Which among all those various additional interests is involved in this case? And the application specifies exactly. It's an additional insured.  That's the application for insurance, but you've also got the policy itself. Yes. On page A807, it talks about the additional insured. That's the endorsement that was being applied for on page 234.  Right. It's an additional, and it's an additional premium charge. Correct. But an additional premium is charged for having an additional insured. And in a perfect world, I don't see any reason why you wouldn't put down a name of person or organization to be the additional insured right on page 807. But it does say, it does say that the following is added, and the person or organization shown in the schedule is also an insured. And you go to the schedule, and the schedule doesn't say anything. But then it refers you to the declaration.  The declaration picks up this language of additional interest and puts Mr. Engenberg not on 57th Avenue.  It was shorthand for additional insured, and Engenberg was shorthand for 57th Avenue. It's very, I mean, to me it's very obvious. It's also, you do have to sort of look at what the practical, reasonable expectations of the insured. One of the fundamental principles of contract, the policy, insurance policy interpretation is. Because in real life, every property owner who leases business property to somebody else requires that there be insurance for them.  For whatever liability happens to the insured.  And to the tenant. So that's the background business practice here.  That's what a reasonable insurance company would expect to happen. Yes. Is that the owner is there. And yes, I mean, it's just the expectation, the reasonable expectation would be that the lessor would be insured. And under the New York Administrative Code 7-210, owners have a non-delegable duty to maintain their sidewalks. So the owner always gets hit, you know, in a situation where somebody has an accident and they need to be covered. And, you know, it's a standard provision. And the risk involved here is, I mean, what else is the lessor's endorsement for? My adversary says that it did not cover the 57th Avenue. And guess what? It didn't even cover Engenberg. So they're basically saying, yes, we collected a premium, right, for this additional insurance endorsement. But guess what? It doesn't cover the owner. And it doesn't even cover his agent. And because it's additional. Well, the question is whether it covers the agent. They argue that, that it does not. That's not really relevant to anything to your end. Well, I mean, it's their position. Anyway, the point I'm trying to make is that it's absurd. It's their position reads out the endorsement. The endorsement is in the policy for a reason. And it's fundamental insurance policy construction that you don't just ignore a provision. You try your darndest to give it as much, you know, significance as. We have at least a trial level New York State court decision, 137 Broadway, which makes a distinct but similar leap. Right. In 137 Broadway. Right. The tenant had an insurance policy that listed a building owner as the additional insured. Right. Then the building got sold or something like that.  And the policy was held to cover the successor owner who bought the property, even though the policy did not name that person. Because people make mistakes. It's a bureaucracy. They forget to update it. They failed to. They just included the agent's name instead of the owner's name, even though the intent is clearly to. I mean, otherwise, the lessor's endorsement means absolutely nothing. That's their position. Back up about, and I'll be asking the other party about this as well, is what is your understanding of this one aspect of the district court's ruling? Okay, so not what we think is right, whatever, but what the district court held. And I thought that the district court held that there were no additional insureds under the policy, period. So it seems like at some point you're arguing that Ingber and 57th are the same.  And because Ingber is an additional insured, that's really a scrivener's error. You should really read that as the 57th. But I thought I read the district court as holding there were no additional insureds. What is your reading of the district court's ruling? Do you agree with it or not? My understanding is it says the schedule is blank and the district declarations do not identify any additional insured. Well, okay. So is your understanding that the district court found that Ingber is an additional insured or that there are no additional insured? I think, well, from what you're reading, I'd have to reread exactly what it said. But the reading is, the reading seems to be that it's not an additional insured, and their position is that there are no additional insureds. We're asking the court to jump through two. Okay, I'm sorry. So let me ask, what happens if we think that Ingber was an additional insured, but in his individual capacity? What would be, what would happen in that case? Well, if that were the case, if the court didn't, we're asking the court to jump through two hoops, and we think they're very obvious hoops. If the court stops at that one and says only Ingber was covered as an additional insured, then 57th Avenue is not Ingber exactly. So I guess the decision would be then that 57th Avenue is not an additional insured, but we're saying that additional, that it was an obvious mistake, you know, they picked up from the lease when he signed as agent for 57th Avenue. So let me ask the question a different way. What if we think the district court made a mistake and that Ingber was an additional insured? What should we do? Unless you can come to the additional conclusion that there was a mistake, an innocent mistake in naming Ingber in the declarations because that was the intent. Pardon me? You don't think we would send it back if we think the district court made that mistake? Because you don't think unless we're willing to decide right now about the other loop. We do believe there's a question of, at a minimum, there's a question of fact on these issues. There's so much, you know, so many uncertainties, and there's no rational reason for covering one, Ingber alone. Secondly, not covering the owner. Can I just map out what I, maybe you're arguing, maybe you're not. Tell me if this is your argument in response to Judge Perez's question. Let's say that we thought the district court made a mistake in the sense that the district court held there are no additional insurers. Right. Reading the face of the policy. Right. It says here Ingber is an interest and that additional, whatever. Additional interest. The additional interest under interest includes additional insurers. And so, hang on. So we say, no, district court got it wrong. There is an additional insurer on the face of the policy, and that is Charles Ingber. And then we say, district court, you did not reach because you stopped there. You said there are no additional insurers. Yes. You should now reach whatever arguments the parties have.  About whether there was a Scrivener's error that Ingber means 57th. Right. I think, I believe that that raises a factual issue. So at a minimum, if the court, you know, finds that there is an additional insurer being Charles Ingber, then at a minimum it raises a factual issue which should be addressed by the court, the district court. All right. I think you have reserved three minutes for rebuttal. Why don't we hear from counsel for the end of the hearing. And, counsel, you can start if you want, but I would appreciate at some point if you would get back to this point we were talking about.  Of course. What your understanding is of what the district court's ruling was as to whether there are any additional insurers on this policy. Yes. First of all, we please the court. My name is Stephen Veriniotis. I represent American European. I will get to this question just by way of introduction. What you heard here is the same that the district court heard in terms of attorneys arguing about things. No evidence at all. There was never a deposition by anyone. What did the application intend? What was the difference between additional insured or additional interest? So why don't we start with that. First of all, tell us, what is your understanding? Because my reading is that the district court said, I'm looking at this paperwork. There is no additional insured. That is my understanding of what the district court held, right or wrong. Is that your understanding of what the district court held, or do you have a different understanding of what the district court held? I think it's different. I think it's both that and the issue that, yes, even though you're arguing that Ingber is an additional interest under the policy and that there could be arguments about that, you haven't proven what additional interest means under the policy. So let's point to particular pages of the ruling so that I can follow along, because I would like to understand the basis for your reading of the district court's ruling. I think you have to tie it in with the beginning where the judge is talking about the fact that Ingber is named as an additional interest, that there's a lease requirement issue. And I think the court, although they don't say, and Ingber is therefore not covered for this case, the court also references the fact that Ingber hasn't been sued in the underlying case. In the underlying case, it was 57. Let's stick with the narrow issue of whether he is an additional insured. I didn't. Well, I thought it's, and I'm looking at SPA 18. Can we just look, maybe just so that we're looking at the same thing. Yeah. Where it is now. I'll wait, Your Honor, but I do have one minute. You're looking at SPA 18. Yeah. The last paragraph. It says 57th Avenue is not listed as an additional insured.  Next sentence. Indeed, the schedule is blank and the declarations do not identify any additional insureds. And then you look at paragraph, I'm sorry, footnote nine, saying Charles Ingber is referenced as mortgage slash loss payable slash additional interest, not as an additional insured. My reading of that is that the district could help. There are no additional insureds, including Charles Ingber. Is that your understanding, or do you think the judge was holding something different from what I just said? I think that's, in addition to that, I think that is what the court said. In addition, the judge also referenced the other provision, because it's not just two hoops that counsel is asking the court to run. It's actually three hoops. And one of them has to do with the fact, if I may finish. Well, actually, let me finish. Okay. That's one of the privileges we have up here. Sure. I apologize. Could we go back to the discussion I was having with your opposing counsel? And I'm looking at the business owner's declaration, which is on page 90, I think. And then I'm looking at it in conjunction with A234, the additional interest. And A234 lists there's a checkbox next to additional insured for Charles Ingber. And additional insured is under the heading interest, right? That's the application, Your Honor. That's not something of the insurance company agreeing to anything. That's something they wrote. Not even they. A fair point. No, no, no, no. But in terms of what the understanding of the word interest meant, it could mean up to 12 different things, right? It could mean lien holder. It could mean loss payer. It could mean mortgagee. It could mean additional insured. So the term interest, as it's called, includes additional insured. And then we see on the business owner's declaration, Charles Ingber under mortgage slash loss payable slash additional interest, which would suggest to me that the term additional interest includes additional insured, which would suggest to me that Charles Ingber is listed on the business owner's declaration explicitly in a way that is to be understood as an additional insured. Why is that wrong? That is wrong because the last part, Your Honor, is a conclusion without any evidence about it. Well, wait. There's a couple of pieces of evidence, right? One is, as Judge Nardini points to, on the application, the additional interest that is referenced by the would-be insured is Ingber as additional insured, not Ingber as co-owner or loss payable or lien holder, but as additional insured. And then secondly, you're charging them money for an additional insured, aren't you? I mean, because on page 238 as part of the application, the price of this policy that we're talking about includes a premium, a specific premium for additional insureds. There is an additional insured endorsement. And there is an additional insured endorsement that they're paying for. And in order to add that onto the policy, which includes a contractual obligation with others, it doesn't have to be Ingber. It doesn't have to be 57. There's an endorsement that if they contract with others, that there could be an additional insured under the policy.  So your client is charging money for an additional premium for having an additional insured endorsement. That's what it's called. Yes, Your Honor. The additional insured, also managers or lessors. And then the policy bounces you through several different incorporated by references, which takes you to the declarations ultimately, which lists Mr. Ingber.  How can it be that Mr. Ingber is not regarded as an additional insured? Can you explain that to me? Yeah. My point, Judge, is you'd have to have evidence from the insurance company and from the insured as to what the intent was in order to make the decision. To make that argument. Why can't we use as evidence the history of negotiations? And the history of negotiations is not very complicated. It's there's an application. And then there comes back a policy. Well, if the insurance company was going to call them an additional insured, the endorsement says we would refer to somebody as an additional insured, not an additional insurance. Wait. Where does it say that? Well, the additional insured endorsement. Where does it say what you just said? The additional insured endorsement says if these things are blank, you are to find the additional insured in the declarations. It doesn't say that. It does not say that. It says information required to complete this schedule, if not shown above, will be shown in the declarations, right? Yes. It doesn't say the words additional insured colon will be found on another piece of paper. It says the information required to complete this schedule, right? Yes. And it says will be shown in the declarations. Now, you look at the declarations, and there's a section for mortgage slash lost payable slash additional interest listing Charles Ingber. Why is that not read as containing the additional information required to complete this schedule? Because if they intended it to refer to additional insured, they would have used the words additional insured. No, you're just making lawyer arguments. No, really. Why are you saying that they would have used those words if we have an application that has a category labeled interest and 12 possible words? Because I know. And then we have a declaration with a category that lists interests that has someone's name. There's a difference. Why would we not say that it would include, would it not include a co-owner or an employee as lesser or leaseback owners? Where do those interests under additional interests fall in here? Or they don't? They can never? Judge, the distinction is there's an application that the insured, not them, not the insurance company, that the insured filled out. This is what they submitted. But the form was created by the insurance company, and the form lists additional insured under the category of interest. Correct. So that's. So the words of the insurance company are that an additional insured is a, quote, interest. And the word interest appears on the declaration.  No, Your Honor, I would disagree with that. What? I would disagree with that. You don't think that the word additional interest on business owner's declaration was, well, let's start. Those are words chosen by the insurance company, right? That's. Who created the form? I don't know who created the form, Judge. It's not the policyholder who creates the business owner's declaration. That's one of the many things that hasn't been proven by facts. But additional insured, I know, Your Honor, that from dealing with this company and from other policies, that if somebody's an additional insured, they're referred to as an additional insured. There's a difference between an additional interest and an additional insured. Hang on. Now, you're the one. You stood up here. Well, that's why I'm asking. You stood up here. Hang on. You stood up here and started your argument by criticizing the other side, not for citing depositions, but for making lawyer arguments. Now, you are starting to cite things outside the record to us saying, based on your experience with these various insurance companies, you know certain things to be true. If we are to agree with you, that is suggestive of the notion that summary judgment ought not to have been granted, that there are all sorts of factual things that both of you would like to bring in about the customary negotiations and practices and understandings of the respective companies. So it doesn't really help your argument when you are telling us to rely on things outside the record because it suggests there are facts out there that district courts should have known about. And I want to jump in on that. I want to ask, let's say we disagree with you and we think that Mr. Ingbar was an additional insured. Can you still win? And if so, how? Yes. Or do we have to send it back to the district court? Yes, Your Honors. And my argument both to address that. I wasn't introducing new evidence. I was just responding to what Your Honors read to say that it wasn't proven by the record and they had the burden. Judge Perez has a question. The argument is, and the only thing that they could prove, even though they haven't asserted reformation in the pleadings, even though they didn't do discovery on reformation in order to give us the ability to move for that, the argument would be that the insurance company agreed to somebody that wasn't even on the application. Okay. So the argument is, even if we agree, as Your Honor says, that Ingbar is an additional insured under these arguments, which I don't think they proved, but I'll agree with the Court, that even if Your Honors were to find that Ingbar is an additional insured, Ingbar was not a named party to the underlying lawsuit. The insurance company was not a party to the lease. All it knew was that there was an application in which they were asked something about Ingbar. The insurance company made a determination about Ingbar. Never was asked anything about 57. Never was asked to do an underwriting analysis, which would be different for a 57 associates entity than an individual. A different underwriting analysis would be required. And never even understood or knew that there was a 57 Avenue associates in the picture in order to reform the policy for a scrivener's error, as counsel is arguing. We were never part of that game. We were asked about Ingbar. We were told about Ingbar. If anything could be ruled as Ingbar is an additional insured, as Your Honor said. Even that doesn't get them anything, because Ingbar wasn't named in the underlying lawsuit. 57 Avenue was sued in the underlying lawsuit. We had no obligation to our total stranger to 57 Avenue. And even if you deem Ingbar to be an additional insured, which I dispute, but I take Your Honor's point, you still would have to say we owe no obligation to 57 Avenue. And 57 Avenue has no basis to reform this policy. We were never even told the name 57 Avenue.  All right. I think we have your argument. Thank you. Thank you very much. Why don't we hear from Mr. Channon. Mr. Channon, you have reserved three minutes for rebuttal. And we're going to keep it to three. Yeah. I don't have too much to say. I mean, I think that what we've kicked up is a lot of factual issues here at a minimum than if Ingbar is an additional. Well, yeah, but when you talk about factual issues, what is the procedural posture here is there are cross motions for summary judgment. Is that right? No, I think we just have a single motion. Both motions for summary judgment. Okay. It's my mistake. I didn't make the procedural motion. Well, what we're talking about is a motion for summary judgment. Was there any discovery at all taken before the summary judgment motions were made? There was some. I'm sorry. I'm the opponent, the appeal lawyer, so I didn't handle the underlying. Yeah, but you're supposed to know more than I do about what's in the record. I apologize. Yes. Okay. Okay. Yes, there was some discovery taken. Yes. Right. Clearly a lot of these issues haven't been addressed. Well, we've got a record, though, and we've got a motion that's made on the basis of that record. Right. So you're suggesting when we say, oh, they're factual issues, so no summary judgment. On the other hand, is there any factual evidence in the record beyond what we've been talking about, which are the application and the policy and so on? I think what we have is what my arguments are based on the evidence that I was able to find.  I'm okay. Okay. Unless you have some questions. If you're okay, we're okay. Thank you very much, counsel. All right. Thank you. Thank you to both counsel for coming in today for your arguments. We will take this case under advice.